# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT CHANDLER, | Case No. 1:14-cv-00915-SAB-HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION (ECF No. 11) |
| v. | |
| R.L. GOWER, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | |
| | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian Smiley, Esq., of the Attorney General of California. Both parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at California Correctional Center in Susanville, California. Petitioner challenges his 2010 conviction in Fresno County Superior Court for Assault with a Semi-Automatic Firearm and Criminal Threat. (Pet., Ex. B, ECF No. 1). On November 30, 2011, the California Court of

1

1    Appeal Fifth Appellate District affirmed the judgment.  (Pet. at 1).[1]  Petitioner did not file a

2    petition for review in the California Supreme Court.

3         Petitioner filed several collateral challenges in the state courts.  On September 4, 2012,

4    Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court.  (Pet.,

5    Ex. L).  The Superior Court denied the petition on November 14, 2012.  (Pet., Ex. L).  Petitioner

6    then filed a petition for writ of habeas corpus in the California Court of Appeal Fifth Appellate

7    District on January 14, 2013.  (Pet., Ex. M).  The petition was denied by the Fifth Appellate

8    District on May 8, 2013.  (Pet., Ex. M).  On June 4, 2013, Petitioner filed a petition for writ of

9    habeas corpus in the California Supreme Court.  (LD[2] 5).  The petition was denied on August 14,

10   2013.  (Pet., Ex. O).

11        On June 12, 2014, Petitioner filed the instant petition for writ of habeas corpus.  (ECF

12   No. 1).  On April 7, 2014, the petition was transferred to this Court.  (ECF No. 15).  On October

13   3, 2014, Respondent filed a motion to dismiss the petition.  (ECF No. 11).  On October 23, 2014,

14   Petitioner filed an opposition to the motion to dismiss.  (ECF No. 13).  On October 30, 2014,

15   Respondent filed a reply to Petitioner's opposition.  (ECF No. 14).

16                                              **II.**

17                                        **DISCUSSION**

18              **A.  Procedural Grounds for Motion to Dismiss**

19        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

20   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

21   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

22        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

23   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

24   the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

25   (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

26   v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

27   _____

28   [1] The Court will refer to the ECF pagination.
     [2] "LD" refers to the Lodged Documents by Respondent.

1   motion to dismiss for state procedural default); <u>Harrison v. Galaza</u>, 1999 WL 58594 (N.D.

2   Cal.1999) (using Rule 4 to review motion to dismiss for statute of limitations violation).  Thus, a

3   respondent can file a motion to dismiss after the court orders a response, and the Court should

4   use Rule 4 standards to review the motion.  <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

5        In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

6   2254(d)(1)'s one-year limitations period.  The Court will review Respondent's motion to dismiss

7   pursuant to its authority under Rule 4, because Respondent has not yet filed a formal answer.

8                **B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus**

9        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

10  of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

11  writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320

12  (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

13       In this case, the instant Petition was filed on June 12, 2014, and therefore, it is subject to

14  the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on

15  petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).

16  As amended, § 2244, subdivision (d) reads:

17
18       (1)  A 1-year period of limitation shall apply to an application for a
         writ of habeas corpus by a person in custody pursuant to the
19       judgment of a State court.  The limitation period shall run from the
         latest of –

20            (A) the date on which the judgment became final by the
              conclusion of direct review or the expiration of the time for
21            seeking such review;

22            (B) the date on which the impediment to filing an
              application created by State action in violation of the
23            Constitution or laws of the United States is removed, if the
              applicant was prevented from filing by such State action;

24            (C) the date on which the constitutional right asserted was
              initially recognized by the Supreme Court, if the right has
25            been newly recognized by the Supreme Court and made
              retroactively applicable to cases on collateral review; or

26
27            (D) the date on which the factual predicate of the claim or
              claims presented could have been discovered through the
28            exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the California Court of Appeal Fifth Appellate District affirmed the judgment on November 30, 2011.  Thus, direct review concluded on January 9, 2012, 40 days after the conviction was affirmed by the California Court of Appeal when no petition for review was filed with the California Supreme Court.  See Cal. Rules of Court, rule 8.500(e)(1); Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).  The one-year limitations period commenced running the following day, January 10, 2012, and absent tolling, was set to expire on January 9, 2013.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

## C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely filed or was filed within a reasonable time under state law. Evans v. Chavis, 546 U.S. 189, 191-92 (2006); Pace v. DiGuglielmo, 544 U.S. 408 (2005). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling.  Chavis, 546 U.S. at 198.

1.  Time Elapsed Before Filing First State Petition

1    As stated above, the statute of limitations commenced on January 10, 2012, when the

2    judgment became final forty days after the conviction was affirmed by the California Court of

3    Appeal when no petition for review was filed with the California Supreme Court.  Because the

4    statute of limitations commenced running on January 10, 2012, and Petitioner filed his first state

5    petition on September 1, 2012, 235 days of the limitations period lapsed.  Nino v. Galaza, 183

6    F.3d at 1006-1007 (no tolling during period of time between final decision issued on direct

7    appeal and filing of first state collateral petition).

8         2.  Tolling During Period State Petitions were Pending

9    Petitioner is entitled to tolling during the time his petitions were pending in the state

10   courts, from September 1, 2012 (date petition filed in Fresno Superior Court) through August 14,

11   2013 (date petition was denied in California Supreme Court), for a total of .  (LDs 3-8).  See

12   Pace v. DiGuglielmo, 544 U.S. at 410 (stating that the limitations period is tolled while "a

13   properly filed application for state post-conviction or other collateral review with respect to the

14   pertinent judgment or claim is pending").

15        3.  End of Limitations Period

16   As explained, the statute of limitations period commenced running on January 10, 2012,

17   and with the benefit of two hundred thirty-five (235) days of tolling during the pendency of his

18   state petitions for habeas corpus, the limitations period expired on December 23, 2013.  Thus,

19   absent equitable tolling, the instant petition, filed on June 12, 2014, is untimely by over six (6)

20   months.

21        **D.  Equitable Tolling**

22   The AEDPA's limitations period is subject to equitable tolling if the petitioner

23   demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

24   circumstance stood in his way."  Holland v. Florida, 130 S.Ct.2549, 2562 (2010); Pace v.

25   DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging facts that would

26   give rise to tolling.  Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002);

27   Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).  Equitable tolling is "unavailable in most

28   cases."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Thus, "the threshold necessary to

trigger equitable tolling [under AEDPA] is very high, lest exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

It appears that Petitioner is arguing that he is entitled to equitable tolling on the basis that he did not receive the Fifth Appellate District's decision until approximately three months after the decision was issued, and by then it was too late to file a petition for review in the California Supreme Court.  (Opp'n at 2-3).  Petitioner also argues that his delay should be excused because the legal library in the California prison system is inadequate.  (Opp'n at 3).

Petitioner argues that his appellate attorney's failure to promptly send him the California Court of Appeal's order justifies equitable tolling.  The Court does not agree.  Petitioner's claim of attorney negligence is akin to an attorney who is negligent and miscalculates a filing deadline, and does not constitute an extraordinary circumstance warranting equitable tolling.  See Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) ("[a]ttorney miscalculation simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002) (attorney's miscalculation of limitations period did not constitute extraordinary circumstances); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that an attorney's general negligence and miscalculation of limitations deadline did not constitute extraordinary circumstances that warranted equitable tolling in a non-capital habeas case).  Petitioner's claim of negligence is not analogous to the professional negligence that was present in Holland v. Florida, 130 S.Ct. 2549.  In Holland, equitable tolling was granted after the petitioner repeatedly asked his attorney to file his federal petition in a timely manner, wrote several letters to the state bar indicating that his attorney had abandoned him, and the attorney had grossly miscalculated the limitations deadline.  Id. at 2564.

Here, Petitioner alleges that his appellate counsel did not promptly send him the California Court of Appeal's order and record.  However, Petitioner fails to show how appellate counsel's negligence prevented him from timely filing his federal petition.  Petitioner admits that he received the California Court of Appeal's order and the record on February 13, 2012.  (Opp'n at 2).  The statute of limitations period had commenced only one month earlier, on January 10,

2012, and therefore, Petitioner still had three hundred thirty (330) days to file his federal petition from the date that he received all of the materials from his appellate attorney.  Thus, Petitioner has failed to show how the delayed receipt of the appellate order and record prevented him from timely filing his federal petition for writ of habeas corpus.

Furthermore, even if this Court were to commence the statute of limitations from the day after Petitioner received the appellate record and order, February 14, 2012, instead of the day after Petitioner's direct review became final, January 10, 2012, the instant petition would still be untimely.  (Opp'n at 2).  Although the time period for the statute of limitations would have commenced thirty-five (35) days later, the statute of limitations would have expired on January 27, 2014, including the time period for statutory tolling while Petitioner's state habeas petitions were pending.  Therefore, even if the Court commenced the time period for the statute of limitations on February 14, 2012, Petitioner's instant federal petition would still have been untimely by more than four (4) months.

Petitioner also claims that the inadequacy of the prison law library justifies equitable tolling.  In Ramirez v. Yates, 571 F.3d 998 (9th Cir. 2009), petitioner's four-month stay in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because "[o]rdinary prison limitations on [one's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner." Petitioner fails to set forth how the prison law library was inadequate and what necessary legal resources he was denied access to.  Moreover, the fact that Petitioner was able to file three state habeas petitions in a timely manner suggests that the prison law library is adequate.  Therefore, Petitioner is not entitled to equitable tolling.

### E.  Evidentiary Hearing

In the alternative, Petitioner requests an evidentiary hearing.  There is no basis for the Court to conduct an evidentiary hearing.  With regard to deadlines and statute of limitations, the Supreme Court has acknowledged:

If 1-day late filings are acceptable, 10-day later filings might be

equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content the deadline must be enforced.

United States v. Locke, 471 U.S. 84, 101 (1985).

Because the Court has found that the evidence submitted by Petitioner does not justify equitable tolling, an evidentiary hearing is unnecessary. See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner … should receive an evidentiary hearing when [she] makes "a good-faith allegation that would, if true, entitle [her] to equitable tolling.'" (quoting Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003).  In this instance, it is undisputed that Petitioner received the appellate record on or before February 13, 2012, filed his first state habeas petition on September 1, 2012, and filed the instant federal habeas petition on June 12, 2014.  Therefore, Respondent's motion to dismiss should be granted on the ground that the instant petition for writ of habeas corpus was filed beyond the one-year statute of limitations.

### III.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find it debatable that the instant petition for writ of habeas corpus is barred by the one-year statute of limitations.  Accordingly, the Court declines to issue a certificate of appealability.

/ / /

/ / /

/ / /

/ / /

**IV.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss the instant petition for writ of habeas corpus with prejudice as untimely is GRANTED;

2. The Clerk of Court is directed to enter judgment; and

3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 10, 2014**

UNITED STATES MAGISTRATE JUDGE